# EXHIBIT A

ORIGINAL

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

**PANISH SHEA & BOYLE LLP**
BRIAN PANISH, State Bar No. 116060
RAHUL RAVIPUDI, State Bar No. 204519
LYSSA A. ROBERTS, State Bar No. 235049
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

**COTCHETT, PITRE & McCARTHY, LLP**
FRANK M. PITRE, State Bar No. 100077
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: 650.697.6000
Facsimile: 650.697.0577

**WALKUP, MELODIA, KELLY & SCHOENBERGER**
MICHAEL A. KELLY, State Bar No. 71460
KHALDOUN A. BAGHDADI, State Bar No. 190111
650 California Street, 26th Floor
San Francisco, California 94108
Telephone: 415.981.7210
Facsimile: 415.391.6965

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
STEVEN M. CAMPORA, State Bar No. 110909
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: 916.379.3500
Facsimile: 916.379.3599

Attorneys for Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

JUL 13 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____Tanya Herrera_____ Deputy
Tanya Herrera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

DAVID HARSHBARGER, an individual;
GLADYS JEAN HARSHBARGER, an
individual; MOLLIE NAMM, an individual;
MARLEY NAMM, a minor by and through
her guardian ad litem, MOLLIE NAMM; and
ROZLYNN NAMM, a minor by and through
her guardian ad litem, MOLLIE NAMM

Plaintiffs,

v.

SOUTHERN CALIFORNIA EDISON
COMPANY, a California corporation;
EDISON INTERNATIONAL; and DOES 1-
100, inclusive,

Defendants.

Case No. **21STCV25672**

**COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF**

1. **Negligence**
2. **Inverse Condemnation**
3. **Trespass**
4. **Public Nuisance**
5. **Private Nuisance**
6. **Premises Liability**
7. **Private Right of Action Pursuant to**
   *Public Utilities Code* § 2106
8. **Violation of** *Health & Safety Code* § 13007

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

COME NOW, the Plaintiffs DAVID HARSHBARGER, an individual; GLADYS JEAN HARSHBARGER, an individual; MOLLIE NAMM, an individual; MARLEY NAMM, a minor by and through her guardian ad litem, MOLLIE NAMM; and ROZLYNN NAMM, a minor by and through her guardian ad litem, MOLLIE NAMM, who complain against Defendants SOUTHERN CALIFORNIA EDISON COMPANY, EDISON INTERNATIONAL and DOES 1-100 (collectively "DEFENDANTS") and allege as follows:

**I.**

**INTRODUCTION**

1. This case arises from The Bobcat Fire, which began on September 6, 2020, and ultimately burned over 115,000 acres, destroying or damaging hundreds of homes, structures, and vehicles, and injuring six firefighters.

2. On September 15, 2020, EDISON filed an Electrical Safety Incident Report with the California Public Utilities Commission ("CPUC"), which stated, in relevant part:

> The Bobcat Fire was reported in the vicinity of Cogswell Reservoir/Dam in the Angeles National Forest on Sunday, September 6, 2020 at 12:21 p.m. The Jarvis 12kV circuit out of Dalton Substation experienced a relay operation at 12:16 p.m. on September 6, 2020.

3. On October 12, 2020, EDISON filed a report with the CPUC in accordance with Public Utilities Code § 315 (the "315 Letter"), stating, in relevant part:

> On Tuesday, September 15, 2020, USFS personnel requested that SCE remove a specific section of SCE overhead conductor in the vicinity of Cogswell Dam. The following day, Wednesday, September 16, 2020, at the direction of the USFS investigators, SCE personnel were permitted into the subject area and removed an approximate 23-foot section of 1/0 ACSR conductor (south phase) that was situated between an H-frame structure comprised of Pole Nos. 4786005E and 4786004E, which had been significantly damaged in the fire and was no longer erect, and another H-frame structure comprised of Pole Nos. 2127468E and 1583439E. Although USFS has not shared the details of its investigation with SCE, it appears that USFS is investigating whether vegetation was involved in the ignition of the fire. SCE understands that in addition

2

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

to retaining SCE's overhead conductor, USFS also removed and retained three tree branches in the area. SCE is investigating the cause of the ignition and the 12:16 p.m. relay on its system, and evaluating whether vegetation in the area could have been a factor, including whether vegetation may have encroached within the minimum clearance distance or contacted the section of the overhead conductor retained by USFS.

4.      The Bobcat Fire was caused by EDISON's conduct in (1) failing to maintain the required clearances between its energized conductors and vegetation as required by Public Resources Code § 4293; (2) failing to fell, cut, or trim dead trees, old decadent or rotten trees, trees weakened by decay or disease and trees or portions thereof that are leaning toward a conductor which may contact the conductor from the side or may fall on the conductor as required by Public Resources Code § 4293; (3) failing to inspect its overhead electrical equipment as required by CPUC General Order 165 and identify violations of General Order 95; and/or (4) failing to de-energize its electrical circuit(s) to prevent a catastrophic wildfire during the Red Flag Warning that preceded The Bobcat Fire.

5.      EDISON had a duty to properly construct and maintain its electrical infrastructure and ensure that surrounding trees and vegetation were trimmed and kept at a safe distance. EDISON violated these duties by knowingly operating an aging and improperly maintained infrastructure. In fact, according to the Ventura County Fire Protection District and CAL FIRE, EDISON's overhead electrical equipment was the cause of the 2017 Thomas Fire, the 2018 Woolsey Fire, and the 2019 Easy Fire, among others.

6.      Had EDISON acted reasonably and in accordance with its obligations, The Bobcat Fire would have been prevented.

7.      Plaintiffs have suffered property damage, economic loss, and disruption to their homes, businesses, lives and livelihoods, and they seek fair compensation for themselves in this case.

8.      Plaintiffs bring claims on behalf of themselves for damages for, *inter alia*, damage to and loss of use of real and personal property; loss of income; loss of business; consequential and incidental damages; emotional distress; annoyance and discomfort, and other harm caused by

**COMPLAINT FOR DAMAGES**

1  Defendants' conduct.

2  ## II.

3  ## JURISDICTION AND VENUE

4  9.    This Court has subject matter jurisdiction over this matter pursuant to California

5  *Code of Civil Procedure* § 395(a) because, at all relevant times, Defendants have conducted

6  significant business in the County of Los Angeles, State of California, so as to render the exercise

7  of jurisdiction over Defendants by California courts consistent with the traditional notions of fair

8  play and substantial justice. The amount in controversy exceeds the jurisdictional minimum of this

9  Court.

10  10.    Venue is proper in this County pursuant to California *Code of Civil Procedure* §

11  395.5 because, at all times relevant herein, the Defendants' conduct which caused The Bobcat Fire

12  occurred in Los Angeles County and damaged the Plaintiffs' property, businesses and livelihoods

13  in the County of Los Angeles.

14  ## III.

15  ## THE PLAINTIFFS

16  11.    Plaintiffs DAVID HARSHBARGER and GLADYS JEAN HARSHBARGER are

17  individuals and residents of the County of Los Angeles. At all relevant times, DAVID

18  HARSHBARGER and GLADYS JEAN HARSHBARGER owned and resided at 30329 104th East,

19  Little Rock, California 93543.

20  12.    Plaintiff MOLLIE NAMM is an individual who, at all relevant times, was a resident

21  of the County of Los Angeles. Plaintiff MARLEY NAMM is a minor by and through her guardian

22  ad litem, MOLLIE NAMM, and at all relevant times was a resident of the County of Los Angeles.

23  Plaintiff ROZLYNN NAMM, is a minor by and through her guardian ad litem, MOLLIE NAMM,

24  and at all relevant times was a resident of the County of Los Angeles. At all relevant times, MOLLIE

25  NAMM, MARLEY NAMM, and ROZLYNN NAMM occupied the property located at 12061

26  Juniper Hills Road, Little Rock, California 93543.

27  13.    The Bobcat Fire destroyed and/or damaged the Plaintiffs' properties, including their

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

4

**COMPLAINT FOR DAMAGES**

1  contents, such as Plaintiffs' treasured belongings and family heirlooms.  Plaintiffs have sustained

2  great annoyance, discomfort, inconvenience, and emotional distress due to the destruction of their

3  real and/or personal property.

**IV.**

**THE DEFENDANTS**

A.  **The SCE Defendants**

14.  At all times herein mentioned, SOUTHERN CALIFORNIA EDISON and EDISON INTERNATIONAL (collectively "SCE Defendants") were corporations authorized to do business and doing business in the State of California, with their principal place of business in the County of Los Angeles, State of California. Defendant EDISON INTERNATIONAL ("EDISON") is an energy-based holding company headquartered in Rosemead, California, and it is the parent company of Defendant SOUTHERN CALIFORNIA EDISON ("SCE"). Subsidiaries of EDISON provide customers with public utility services, and services related to the generation of energy, generation of electricity, transmission of electricity and natural gas, and the distribution of energy.

15.  SCE  is both an "Electrical Corporation" and a "Public Utility" pursuant to, respectively, Sections 218(a) and 216(a) of the California *Public Utilities Code*. SCE is in the business of providing electricity to the residents and businesses of Central, Coastal and Southern California and, more particularly, to Plaintiffs' residence, business, and property through a network of electrical transmission and distribution lines.

16.  SCE, based in Los Angeles County, is one of the nation's largest electric utilities, serving a 50,000 square-mile area within Central, Coastal and Southern California. It is wholly-owned by EDISON, which has a market cap over $20.5 billion. SCE's assets total approximately $53 billion.

17.  EDISON is a publicly traded company that owns and/or manages an "Electric Plant" as defined in Section 217 of the *Public Utilities Code*, and, like its subsidiary SCE, is both an "Electric Corporation" and a "Public Utility" pursuant to, respectively, Sections 218(a) and 216(a) of the *Public Utilities Code*. It develops and operates energy infrastructure assets related to the

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

5

**COMPLAINT FOR DAMAGES**

1  production and distribution of energy such as power plants, electric lines, natural gas pipelines and

2  liquefied naturel gas receipt terminals. EDISON'S total assets are approximately $53 billion.

3      18.    The SCE Defendants have at least $1 billion in wildfire insurance.

4      19.    At all relevant times, the SCE Defendants were suppliers of electricity to members

5  of the public. As part of supplying electricity to members of the public, SCE installed, constructed

6  built, maintained, and/or operated overhead power lines, together with supporting poles and

7  appurtenances, for the purpose of conducting electricity for delivery to members of the general

8  public. Furthermore, Plaintiffs are informed and believe that SCE is responsible for maintaining

9  vegetation near, around and in proximity to their electrical equipment in compliance with State and

10 Federal Regulations, specifically including, but not limited to, *Public Resource Code* §§ 4292 and

11 4293, California Public Utilities Commission ("CPUC") General Order Nos. 95 and 165.

12     20.    Plaintiffs are informed and believe and thereon allege that the SCE Defendants are

13 jointly and severally liable for each other's negligence, misconduct and wrongdoing, as alleged

14 herein, in that:

15     (a)    The SCE Defendants operate as a single business enterprise operating out of

16            the same building located at 2244 Walnut Grove Ave., Rosemead, California

17            for the purpose of effectuating and carrying out SCE's business and operations

18            and/or for the benefit of EDISON;

19     (b)    The SCE Defendants do not operate as completely separate entities, but rather,

20            integrate their resources to achieve a common business purpose;

21     (c)    SCE is so organized and controlled, and its decisions, affairs and business so

22            conducted as to make it a mere instrumentality, agent, conduit or adjunct of

23            EDISON;

24     (d)    SCE's income results from function integration, centralization of management,

25            and economies of scale with EDISON;

26     (e)    The SCE Defendants' officers and management are intertwined and do not act

27            completely independent of one another;

28

6
**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

(f)   The SCE Defendants' officers and managers act in the interest of SCE as a single enterprise;

(g)   EDISON has control and authority to choose and appoint SCE's board members as well as its other top officers and managers;

(h)   Despite the fact that they are both Electric Companies and Public Utilities, the SCE Defendants do not compete with one another, but have been structured and organized and their business effectuated so as to create a synergistic, integrated, single enterprise where various components operate in concert with one another;

(i)   EDISON maintains unified administrative control over SCE;

(j)   The SCE Defendants are insured by the same carriers and provide uniform or similar pension, health, life, and disability insurance plans for employees;

(k)   The SCE Defendants have unified 401(k) Plans, pension and investment plans, bonus programs, vacation policies, and paid time off from work schedules and policies;

(l)   The SCE Defendants invest funds from their programs and plans by a consolidated and/or coordinated Benefits Committee controlled by SCE and administered by common trustees and administrators;

(m)   The SCE Defendants have unified personnel policies and practices and/or a consolidated personnel organization or structure;

(n)   The SCE Defendants have unified accounting policies and practices dictated by EDISON and/or common or integrated accounting organizations or personnel;

(o)   The SCE Defendants are represented by common legal counsel;

(p)   EDISON's officers, directors, and other management make policies and decisions to be effectuated by SCE and/or otherwise play roles in providing directions and making decisions for SCE;

7

**COMPLAINT FOR DAMAGES**

(q)     EDISON's officers, directors, and other management direct certain financial decisions for SCE, including the amount and nature of capital outlays;

(r)     EDISON's written guidelines, policies, and procedures control SCE's employees, policies and practices;

(s)     EDISON files consolidated earnings statements factoring in all revenue and losses from SCE, as well as consolidated tax returns, including those seeking tax relief, and/or without limitation

(t)     EDISON generally directs and controls SCE's relationship with, requests to, and responses to inquiries from the CPUC and uses such direction and control for the benefits of EDISON.

21.     Plaintiffs are informed and believe that the SCE Defendants, and each of them, were the agents and/or employees of each of the other and in acting and/or failing to act as alleged herein, the SCE Defendants, and each of them, were acting in the course and scope of said agency and/or employment relationship.

**B.**    **The Doe Defendants**

22.     The true names of DOES 1 through 100, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs who, pursuant to California *Code of Civil Procedure* § 474, sue said Defendants by such fictitious names.

23.     Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein, including, without limitation, by way of conspiracy, aiding, abetting, furnishing the means for, and/or acting in capacities that create agency, *respondeat superior*, and/or predecessor- or successor-in-interest relationships with the other Defendants.

24.     The DOE Defendants are private individuals, associations, partnerships, corporations, governmental entities or other entities that actively assisted and participated in the negligent and wrongful conduct alleged herein in ways that are currently unknown to Plaintiffs.

25.     To the extent that any DOE is a governmental entity, at the time of filing of any

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

8

**COMPLAINT FOR DAMAGES**

1   amendment related to a fictitiously named governmental entity defendant, Plaintiffs will have either

2   received notice of rejection of the Claim for Damages or the claim will have been deemed rejected

3   by operation of law, pursuant to *Government Code* section 912.4(c).

4        26.    Some or all of the DOE Defendants may be residents of the State of California.

5   Plaintiffs may amend or seek leave to amend this Complaint to allege the true names, capacities,

6   and responsibility of these DOE Defendants once they are ascertained, and to add additional facts

7   and/or legal theories. Plaintiffs make all allegations contained in this Complaint against all

8   Defendants, including DOES 1-100.

9   **V.**

10   **FACTUAL ALLEGATIONS**

11        27.    Plaintiffs are informed and believe that The Bobcat Fire was reported in the vicinity

12   Cogswell Reservoir/Dam in the Angeles National Forest on Sunday, September 6, 2020 at 12:21

13   p.m. EDISON has admitted that its Jarvis 12kV circuit out of its Dalton Substation experienced a

14   relay operation at 12:16 p.m. on September 6, 2020.

15        28.    The Bobcat Fire burned approximately 115,796 acres and destroyed 87 homes,

16   damaged another 28 homes, destroyed 83 other structures, destroyed 178 vehicles and injured six

17   firefighters.

18        29.    The Bobcat Fire also created serious air quality problems in Los Angeles County.

19   The air quality was rated "unhealthy" by the Los Angeles County Air Pollution Control District,

20   which warned people with respiratory or heart disease, the elderly, and children to remain indoors

21   during the duration of the fire.

22        30.    The full extent of the damage has not yet been quantified.

23        31.    Because the fire spread so rapidly, individuals often could not protect their properties

24   and structures, or even remove personal possessions, irreplaceable heirlooms, and valuable

25   inventories of products, materials or records.

26        32.    The fire damage and destruction also has negatively impacted the value of the

27   Plaintiffs' properties, and will continue to affect their resale value and development for an indefinite

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

**COMPLAINT FOR DAMAGES**

1 | period of time in the future.

2 | 33. In addition to damage and destruction of real and personal property, The Bobcat Fire
3 | caused widespread economic losses to individuals and businesses throughout Los Angeles County,
4 | and will continue to do so into the future.

5 | 34. Individuals who were displaced have incurred and will continue to incur costs related
6 | to temporary lodging while being displaced.

7 | 35. Businesses that suffered property damage have incurred and will continue to incur
8 | economic losses due to their inability to operate their businesses, loss of access to their business
9 | locations, and inability of employees to reach their businesses. These conditions are ongoing and
10 | will continue for an unknown duration of time.

**EDISON Had A Non-Delegable, Non-Transferable Duty to Safely Maintain Its Electrical Infrastructure**

13 | 36. At all times prior to September 6, 2020, EDISON had a non-delegable, non-
14 | transferable duty to properly construct, inspect, maintain, repair, manage and/or operate its electrical
15 | conductors, utility poles and appurtenant equipment and to keep vegetation and trees properly
16 | trimmed at a safe distance so as to prevent foreseeable contact with its electrical equipment.

17 | 37. In the construction, inspection, repair, maintenance, ownership, and/or operation of
18 | its conductors, utility poles and other electrical equipment, EDISON had an obligation to comply
19 | with a number of statutes, regulations, orders and standards, as detailed below.

20 | 38. EDISON is required to comply with a number of design standards for its electrical
21 | equipment, as stated in CPUC General Order 95. In extreme fire areas, EDISON must also ensure
22 | that its conductors and utility poles can withstand winds of up to 92 miles per hour. Further,
23 | EDISON must follow CPUC rules and regulations to protect the public from the consequences of
24 | vegetation and/or trees from coming into contact with its energized conductors and other electrical
25 | equipment. Pursuant to Public Resources Code § 4292, EDISON is required to "maintain around
26 | adjacent to any pole or tower which supports a switch, fuse, transformer, lighting arrester, line
27 | junction, or dead end or corner pole, a firebreak which consists of clearing not less than 10 feet in

28 |

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

10

**COMPLAINT FOR DAMAGES**

each direction from the outer circumference of such pole or tower. "Also, Public Resources Code § 4293 mandates that EDISON maintain clearances of 4 to 10 feet between trees and limbs and its conductors, depending upon their voltage. In addition, § 4293 requires " [d]ead trees, old decadent or rotten trees, trees weakened by decay or disease and trees or portions thereof that are leaning toward the line which may contact the line from the side or may fall on the line shall be felled, cut, or trimmed so as to remove such hazard."

39.     Further, pursuant to CPUC General Order 165, EDISON is also required to inspect its distribution facilities to maintain a safe and reliable electric system.  Specifically, EDISON must conduct Annual Grid Patrol ("AGP") inspections of all of its overhead facilities annually in Extreme or High Fire areas, and conduct Detailed Overhead Inspections ("ODI") every three to five years, depending upon the type of equipment. EDISON is also required to inspect wood utility poles once the poles have been in service for 15 years, with intrusive inspections of the poles themselves every ten years.

40.     EDISON knew or should have known that such orders and regulations were minimum standards and that EDISON has a duty to identify vegetation and trees which posed a foreseeable hazard to overhead conductors and/or other electrical equipment, and to manage the growth of vegetation near its utility poles and conductors so as to prevent the foreseeable danger of igniting a wildfire when vegetation and/or trees came into contact with its energized conductors.

**EDISON's Failure to Inspect And Repair Its Overhead Electrical Equipment**

41.     SCE knew about the significant risk of wildfires caused by its aging and deteriorated overhead electrical equipment years before The Bobcat Fire began.

(a)     **The 2007 Fire Siege in Southern California**: In October 2007, strong Santa Ana winds swept across Southern California and caused dozens of wildfires.  Several of the worst wildfires were reportedly caused by downed power lines. One of these fires was the Malibu Canyon Fire, which started on October 21, 2007 at approximately 4:30 a.m.  A subsequent investigation by the PUC's Safety and Enforcement Division ("SED") determined that the fire was caused when three of EDISON's wood utility poles broke and fell to the ground as a result of strong Santa Ana

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

winds in Malibu Canyon, Los Angeles County.  The resulting fire burned 3,846 acres, destroyed 14 structures and 36 vehicles and caused damaged to 19 other structures. Those utility poles and overhead supply and communications facilities were owned and operated by SCE, Verizon Wireless, AT&T Mobility, LLC, Spring Communications Company, LP, and NextG Networks of California. The SED investigated the incident and found EDISON and the communications companies, which owned the three poles, in violation of PUC General Order 95 ("GO 95"). Specifically, SED found that the wind at the time of the fire was approximately 50 miles per hour. According to GO 95, Rule 44, the type of poles involved were required to be designed and constructed with a safety factor of 4.0, and able to withstand winds up to 92.4 miles per hour. The SED found EDISON and the other owners and operators of the poles and attached facilities to be in violation of Rules 12, 31, 43 and 44 in GO 95 for failing to properly inspect and maintain their poles and facilities to prevent the safety factors from falling below the minimum requirements. EDISON agreed to a settlement with the PUC and a $37 million fine and agreed to conduct a safety audit and remediation of its utility poles in the Malibu area.

       **(b)**    **The 2011 Windstorm:** On November 30, 2011 and December  1, 2011, Santa Ana winds swept through EDISON's territory, knocking down utility facilities, uprooting trees, and causing prolonged power outages. Two-hundred forty-eight (248) wood utility poles and 1,064 overhead electrical lines were affected. A total of 440,168 customers lost power during this wind event. SED performed an investigation and concluded that EDISON and communication providers who jointly owned utility poles violated GO 95 because at least 21 poles and 17 guy wires were overloaded in violation of the safety factor requirements codified in GO 95, Rule 44.1.

       **(c)**    **EDISON's Pole Loading Study:** As part of SCE's 2012 General Rate Case, the PUC ordered EDISON to conduct a statistically-valid sampling of EDISON-owned and jointly-owned utility poles to determine whether the pole loading complied with current legal standards. EDISON's study, released on July 31, 2013, found that 22.3% of the 5,006 poles tested failed to meet current design standards.  In November 2013, the SED sent a letter to the PUC Commissioners discussing EDISON's study and recommended the following changes in policy:

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

(1)     EDISON should conduct a wind analysis in its service territory, incorporating actual wind standards into its internal pole loading standards;

(2)     EDISON should conduct a pole loading analysis of every pole carrying EDISON facilities, employing a risk management approach, considering, at a minimum, fire risk, the presence of communications facilities and the number of overloaded poles in the area; and

(3)     EDISON should commence pole mitigation measures as soon as possible, and not wait for the pole loading analysis to be completed.

**(d)     EDISON's Pole Loading Program**: In its 2015 General Rate Case, EDISON proposed a Pole Loading Program ("PLP") to identify and remediate overloaded poles and prevent poles on the 1.4 million utility poles its service territory from becoming overloaded in the future. EDISON claims it started its PLP in 2014, but will not complete its assessment in high fire areas until 2017 and will not complete pole remediation of overloaded poles until 2025. EDISON claims that under the PLP, a pole will be replaced between 72 hours and 59 months depending upon the safety factor and its location relative to high fire areas. In its 2015 General Rate Case, EDISON forecast it would perform assessment of 205,754 poles in 2015. However, EDISON only actually performed assessments of 142,382 poles in 2015, or 63,372 (30%) fewer than EDISON claimed it would conduct, and as a result, EDISON repaired 14,310 fewer overloaded poles than it forecast in 2015. However, EDISON's PLP has experienced substantial delays due to problems with the software program it used to calculate the pole loading safety factors for its poles. In its 2015 General Rate Case, EDISON estimated that 22% of its utility poles were overloaded. However, in its 2018 General Rate Case, EDISON disclosed that it modified its software used to calculate pole loading safety factors and that these revisions reduced the percentage of poles needing remediation to just 9%. Additionally, EDISON disclosed in its 2018 General Rate Case that it had failed to meet its 2015 projections to assess and repair overloaded poles. Specifically, EDISON admitted that it had only conducted 142,519 out of the projected 205,000 pole assessments in 2015. As a result, EDISON announced in its 2018 General Rate Case that it was changing the duration of its PLP from 7 years

13

**COMPLAINT FOR DAMAGES**

to 10 years to allow for fewer pole assessments each year.[1]

**Foreseeable and Expected Santa Ana Winds and Red Flag Fire Warnings**

42.     At all times mentioned herein, Defendants were aware that the State of California had been in a multi-year period of drought. Defendants were also aware that Los Angeles County frequently experiences "Santa Ana" wind conditions, which are highly conducive to the rapid spread of wildfires and extreme fire behavior. The Santa Ana winds are not abnormal or unforeseeable, and everyone who lives and works in Southern California is familiar with this type of extreme wind event.

43.     On January 17, 2014, the Governor issued an Executive Order proclaiming a State of Emergency throughout the State of California due to severe drought conditions which had existed for four years. On November 13, 2015, the Governor issued Executive Order B-36-15, which proclaimed "[t]hat conditions of extreme peril to the safety of persons and property continue to exist in California due to water shortage, drought conditions and wildfires ...."[2] Although the Governor issued an Executive Order in April 2017 ending the Drought State of Emergency in all counties except Fresno, Kings, Tulare and Tuolumne, the declaration directed state agencies "to continue response activities that may be needed to manage the lingering drought impacts to people and wildlife."[3]

44.     According to records maintained by Cal Fire, electrical equipment was tied as the third leading cause of wildfires in California during 2014, the latest year such statistics have been published.[4] Thus, EDISON knew of the foreseeable danger of wildfire when its energized conductors came into contact with vegetation.

45.     In May 2016, the CPUC adopted Fire Map 1, which is a map that "depicts areas of California where there in an elevated hazard for ignition and rapid spread of power line fires due to

---

[1] 2018 General Rate Case, SCE, Transmission & Distribution Volume 9, Poles. 9/1/16.
[2] Exec. Order B-36-15, Office of Gov. Edmund Brown, Jr. (Nov. 13, 2015).
[3] Exec. Order B-040-17 at 3, Office of Gov. Edmund Brown, Jr. (April 7, 2017).
[4] Historical Wildfire Activity Statistics (Redbooks), Cal Fire, available at https://www.fire.ca.gov/fire_protection/fire_protection/fire_info_redbooks_2014

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

14

**COMPLAINT FOR DAMAGES**

strong winds, abundant dry vegetation, and other environmental conditions."[5] Los Angeles County is designated on this map as an "Extreme" and "Very High" fire threat.

46.     EDISON was put on notice by the publication of this Fire Map in May 2016, and therefore knew well in advance of The Bobcat Fire of the elevated fire risk in Los Angeles County for "ignition and rapid spread of power line fires due to strong winds, abundant dry vegetation, and/or other environmental conditions."

47.     On November 8, 2017, the CPUC published its "Proposed Decision Of Commissioner Picker," which adopted the "Decision Adopting Regulations To Enhance Fire Safety In The High Fire-Threat District." This Decision adopted new regulations by the CPUC to enhance fire safety of overhead electrical power lines and communications lines located in high fire-threat areas following the devastating Northern California fires.

48.     The National Weather Service issued a "Red Flag Warning" for Los Angeles County for September 6, 2020 and warned that any fire ignition could have a rapid rate of spread and potential for extreme fire behavior. On September 5, 2020, EDISON remotely activated its Incident Management Team ("IMT") to manage a weather event where forecasted high temperatures, high winds, and low relative humidity levels were anticipated to potentially require the use of a Public Safety Power Shutoff ("PSPS"). However, EDISON did not implement a PSPS to de-energize any of its circuits on September 6, 2020 in order to prevent wildfires such as The Bobcat Fire.

## VI.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants)

49.     Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

---

[5] See, PUC Fire Map Depicts Areas of Elevated Hazards In State: First Step in Creation of Tools to Help Manage Resources, Cal Pub. Utils. Comm'n (May 26, 2016), available at http://frap.fire.ca.gov/data/frapgismaps/pdfs/fthreat_map.pdf

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

50.     Defendants, and each of them, had and have a non-transferable, non-delegable duty to apply a level of care commensurate with and proportionate to the danger of designing, engineering, constructing, operating, and maintaining electrical transmission and distribution systems, including vegetation clearance around such facilities and to remediate overloaded utility poles.

51.     Defendants, and each of them, had and have a non-transferable, non-delegable duty of vigilant oversight in the maintenance, use, operation, repair, and inspection appropriate to the changing conditions and circumstances of their electrical transmission and distribution systems.

52.     Defendants, and each of them, have special knowledge and expertise far above that of a layperson regarding their requirements to design, engineer, construct, use, operate, maintain and inspect these electrical facilities, including tree trimming, removal of vegetation and remediating overloaded utility poles such that their electrical equipment will not cause wildfires like The Bobcat Fire.

53.     Defendants, and each of them, breached their respective duties owed to Plaintiffs by, including, but not limited to: (1) Failing to conduct reasonably prompt, proper and frequent inspections of their overhead electric and communications facilities; (2) Failing to design, construct, monitor, operate and maintain their overhead electric and communications facilities to withstand foreseeable Santa Ana wind events and avoid igniting and/or spreading wildfires; (3) Failing to clear vegetation within a 10 foot radius around the perimeter of all utility poles and towers which supports a switch, fuse, transformer, lighting arrester, line junction , or dead end or corner pole as required by Public Resources Code § 4292; (4) Failing to maintain clearances of 4 to 10 feet for all overhead electric lines, depending upon their voltage as required by Public Resources Code § 4293; (5) Failing to fell, cut or trim dead trees, old decadent or rotten trees, trees weakened by decay or disease and trees or portions of trees that are leaning toward the line which may contact the line from the side or may fall on the line as required by Public Resources Code § 4293; (6) Failure to perform inspections of all overhead electric facilities as required by CPUC General Order 165; (7) Failing to de-energize overhead electric facilities during foreseeable and expected Red Flag Warnings in

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

16
**COMPLAINT FOR DAMAGES**

high fire prone areas; and (8) Failing to properly investigate, screen, train and supervise employees and agents responsible for maintenance and inspection of the overhead electric and communications facilities, including tree trimming and vegetation removal around such facilities.

54.     The Bobcat Fire was the direct, legal and proximate result of Defendants' negligence. As a direct, proximate, and legal result of said negligence, Plaintiffs suffered damages as alleged herein.

55.     At all times mentioned herein, Defendants failed to properly inspect and maintain electrical infrastructure and equipment which they knew, given the then existing Santa Ana wind and Red Flag Warning conditions, posed a risk of harm to the Plaintiffs, and to their real and personal property. Defendants were aware that if their electrical equipment came in contact with vegetation a fire would likely result and spread rapidly. Defendants also knew that, given the then existing weather conditions, said fire was likely to pose a risk of catastrophic property damage, economic loss, personal injury, and/or death to the general public, including Plaintiffs.

56.     The property damage and economic losses caused by The Bobcat Fire is the result of the ongoing custom and practice of EDISON of consciously disregarding the safety of the public and not following statutes, regulations, standards, and rules regarding the safe operation, use and maintenance of their overhead electric facilities.

57.     On information and belief, these Defendants failed to properly inspect and maintain their electric facilities in order to cut costs, with the full knowledge that any incident was likely to result in a wildfire that would burn and destroy real and personal property, displace homeowners from their homes and disrupt businesses in the Fire Area.

58.     The actions of Defendants did in fact result in damages to the Plaintiffs. Defendants failed to maintain their Jarvis 16kV circuit in a safe manner, and/or failed to properly trim and/or remove trees and remove vegetation around their overhead electric facilities are required by statute, and/or failed to remediate overloaded utility poles which were at risk of collapse in Santa Ana winds.

59.     The negligence of Defendants was a substantial factor in causing the Plaintiffs' damages.

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

60.     Defendants' failure to comply with their duties of care proximately caused damage to Plaintiffs.

61.     As a further direct and proximate result of Defendants' negligence, Plaintiffs suffered damages including, but not limited to real property damage, loss of personal property, economic loss, loss of quiet use and enjoyment of their property, and costs to evacuate and relocate.

62.     As a direct and legal result of Defendants' actions and/or omissions, Plaintiffs were injured in their health, strength, and/or activity in an amount according to proof at trial.

63.     As a further direct and legal result of the Defendants' actions and/or omissions, Plaintiffs were required to and/or continue to employ physicians and other healthcare providers to examine, treat, and/or care for their injuries. Plaintiffs have incurred, and will continue to incur, medical and incidental expenses in an amount to be shown according to proof at trial.

64.     As a further direct and legal result of the Defendants' actions and/or omissions, Plaintiffs have suffered and/or continue to suffer great mental pain and suffering, including worry, emotional distress, humiliation, embarrassment, anguish, anxiety, and nervousness, in an amount to be shown according to proof at trial.

65.     As a further direct and legal result of the Defendants' actions and/or omissions, Plaintiffs have suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

66.     Defendants were and are in a special relationship to Plaintiffs. As a supplier of electrical power to the Plaintiffs, EDISON's operation of its electrical equipment was intended to and did directly affect the Plaintiffs. EDISON is the sole electric public utility which provides electric power to the Plaintiffs in Los Angeles County. As a result, it was foreseeable that a massive wildfire would destroy personal and real property, force residents in the fire area to evacuate, and prevent customers of businesses located within the fire area from patronizing those businesses.

67.     The Plaintiffs suffered injuries which were clearly and certainly caused by The Bobcat Fire, resulting in evacuations and relocations, and the cost to repair and replace their damaged and/or destroyed real and personal property.

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

68.     Public policy supports finding a duty of care in this circumstance due to Defendants' violation of California *Civil Code* § § 3479, 34890, Public Utilities Code § 2106 and Health & Safety Code § 13007.

69.     Further, the conduct alleged herein was despicable and subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, constituting oppression, for which Defendants must be punished by punitive and exemplary damages in an amount according to proof. Defendants' conduct evidences a conscious disregard for the safety of others, including Plaintiffs. Defendants' conduct was and is despicable conduct and constitutes malice and defined by *Civil Code* § 3294.   An officer, director, or managing agent of Defendants personally committed, authorized, and/or ratified the despicable conduct alleged herein. Plaintiffs are entitled to an award of punitive damages sufficient to punish and make an example of these Defendants.

## SECOND CAUSE OF ACTION

## INVERSE CONDEMNATION

### (Against All Defendants)

70.     Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

71.     On or about September 6, 2020, Plaintiffs were owners of private property located within the County of Los Angeles.

72.     Prior to September 6, 2020, EDISON designed, constructed, owned, operated, used, controlled, and maintained the Jarvis 16kV circuit as part of its electrical infrastructure to deliver electricity to members of the public in Los Angeles County.

73.     EDISON has a legal duty to perform vegetation management and maintain clearances of 4 to 10 feet between trees and limbs and its overhead conductors, depending upon their voltage, pursuant to Public Resources Code § 4293. Further, EDISON has a legal duty to fell, cut or trim dead trees, old decadent or rotten trees, trees weakened by decay or disease and trees or portions of trees that are leaning toward its conductors which may contact the conductors from the side or fall on its conductors, pursuant to Public Resources Code § 4293. EDISON also has a legal

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   duty to perform inspections of all overhead electric facilities as required by CPUC General Order

2   165. An inherent risk of EDISON not performing vegetation management and/or inspections of its

3   overhead electrical equipment is causing the ignition of a wildfire.

4       74.     Plaintiffs are informed and believe, and thereon allege that EDISON failed to

5   maintain clearances between its energized conductors and trees and limbs as required by Public

6   Resources Code § 4293, and/or failed to inspect its overhead electrical equipment in accordance

7   with the requirements of CPUC General Order 165 to identify such hazards posed from encroaching

8   vegetation, and/or designed and constructed its overhead electrical equipment with insufficient

9   clearance from existing trees, limbs and vegetation. Plaintiffs are informed and believe that

10  EDISON's failure to maintain the required clearances, failure to perform the required inspections

11  and/or failure to design and construct its overhead electrical equipment with sufficient clearances

12  from trees, limbs and vegetation was the result of EDISON's policy choice to benefit from the cost

13  savings from declining to pursue a reasonable maintenance and inspection program.

14      75.     On or about September 6, 2020, as a direct, necessary and legal result of EDISON's

15  installation, construction, ownership, operation, use, control, and/or maintenance for a public use of

16  electric infrastructure, Defendants' overhead electrical equipment came into contact with vegetation

17  and/or trees and caused The Bobcat Fire.  The fire damaged and/or destroyed Plaintiffs' personal

18  and real property.

19      76.     The inherent risk of EDISON declining to pursue a reasonable maintenance program

20  on its overhead electrical equipment, as required by law, was a substantial cause of the Plaintiffs'

21  damages.

22      77.     Plaintiffs have not received adequate compensation for the damage to and/or

23  destruction of their property, thus constituting a taking of Plaintiffs' properties by Defendants

24  without just compensation.

25      78.     As a direct and legal result of the above-described damages to Plaintiffs' properties,

26  including loss of use and interference with access, enjoyment and marketability of real property,

27  and damage/destruction of personal property, Plaintiffs have been damaged in amounts according

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

20

**COMPLAINT FOR DAMAGES**

1  to proof at trial.

2  79.  Plaintiffs have incurred and will continue to incur attorneys', appraisal, and

3  engineering fees and costs because of Defendants' conduct, in an amount that cannot yet be

4  ascertained, but which are recoverable in this action pursuant to *Code of Civil Procedure* § 1036.

5  **THIRD CAUSE OF ACTION**

6  **TRESPASS**

7  **(Against All Defendants)**

8  80.  Plaintiffs incorporate and re-allege by this reference each of the paragraphs set forth

9  as though fully set forth herein.

10  81.  At all times relevant herein, Plaintiffs were the owners, possessors, tenants, and/or

11  lawful occupants of property damaged by The Bobcat Fire.

12  82.  Defendants had a duty to use reasonable care not to enter, intrude on, or invade

13  Plaintiffs' real properties.  Defendants negligently allowed The Bobcat Fire to ignite and/or spread

14  out of control, causing injury to Plaintiffs. The spread of a negligently caused fire to wrongfully

15  occupy land of another constitutes a trespass.

16  83.  Plaintiffs did not grant permission for Defendants to wrongfully act in a manner so

17  as to cause the Bobcat Fire, which wrongfully entered upon Plaintiffs' property, resulting in the

18  harm, injury, and/or damage alleged herein.

19  84.  As a direct and legal result of the wrongful conduct of the Defendants, and each of

20  them, which led to the trespass, Plaintiffs have suffered and will continue to suffer damages as set

21  forth above, in an amount according to proof at trial.

22  85.  As a further direct and proximate result of the conduct of Defendants, Plaintiffs

23  have hired and retained counsel to recover compensation for loss and damage and are entitled to

24  recover all attorneys' fees, expert fees, consultant fees, and litigation costs and expenses, as

25  allowed under *California Code of Civil Procedure* § 1029.1.

26  86.  As a further direct and proximate result of the conduct of Defendants, Plaintiffs seek

27  the reasonable cost of repair or restoration of their property to its original condition and/or loss of

28

21

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1    use damages, as allowed by *Civil Code* § 3334.

2        87.    Defendants' conduct was willful and wanton, and with a conscious disregard for the

3    disastrous consequences that Defendants knew would occur as a result of their dangerous conduct.

4    Accordingly, Defendants acted with malice towards Plaintiffs, which is an appropriate predicate

5    fact for an award of exemplary damages in an amount according to proof.

6                        **FOURTH CAUSE OF ACTION**

7                           **PUBLIC NUISANCE**

8                         **(Against All Defendants)**

9        88.    Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set

10   forth herein.

11       89.    Plaintiffs own and/or occupy property at or near the site of the fire which is the

12   subject of this action. At all relevant times herein, Plaintiffs had a right to occupy, enjoy and/or use

13   their property without interference by Defendants, and each of them.

14       90.    Defendants owed a non-transferable, non-delegable duty to the public, including

15   Plaintiffs, to conduct their business, in particular the maintenance and operation of electrical

16   infrastructure and facilities, and adjacent vegetation in proximity to their electrical equipment in Los

17   Angeles County, in a manner that did not cause harm to the public welfare.

18       91.    Defendants, by acting and/or failing to act, as alleged herein above, created a

19   condition that was harmful to the health of the public, including Plaintiffs, and created a fire which

20   damaged and interfered with the quite use and enjoyment of their property. This interference is both

21   substantial and unreasonable.

22       92.    Plaintiffs did not consent, expressly or impliedly, to the wrongful conduct of

23   Defendants.

24       93.    The Bobcat Fire, which was caused by Defendants, affected a substantial number of

25   people at the same time within the general public, including Plaintiffs, and constituted a public

26   nuisance under *Civil Code* §§ 3479 and 3480 and Public Resources Code §§ 4170 and 4171.

27       94.    The damaging effects of Defendants' creation of a fire hazard and the resulting

28

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

---

22

**COMPLAINT FOR DAMAGES**

Bobcat Fire are ongoing and affect the public at large.

95.     As a direct and legal result of the Defendants' conduct, Plaintiffs have suffered harm that is different from the type of harm suffered by the general public. Specifically, Plaintiffs have lost the occupancy, possession, use, and/or enjoyment of their land, real, and/or personal property, including, but not limited to a diminution of value of their real property; an impairment of the ability to sell their property; property exposed to chemical retardant agents dropped from airborne firefighting aircraft; and lingering smell of smoke, soot, ash and dust in the air.

96.     As a further direct and legal result of the conduct of Defendants, Plaintiffs have suffered, and will continue to suffer, discomfort, anxiety, fear, worry, annoyance, and/or stress attendant to the interference  with the occupancy,  possession , use and/or enjoyment  of their property.

97.     A reasonable, ordinary person would be annoyed or disturbed by the conditions caused by Defendants, and the resulting Bobcat Fire.

98.     Defendants' conduct is unreasonable and the seriousness of the harm to the public, including Plaintiffs, outweighs the social utility of Defendants' conduct. There is little to no social utility associated with causing wildfires to destroy the property of the Plaintiffs.

99.     The individual and/or collective conduct of Defendants EDISON set forth above resulting in The Bobcat Fire is not an isolated incident, but is ongoing and/or a repeated course of conduct,  and EDISON's prior conduct and/or failures have resulted  in the 2007 Malibu  Canyon Fire, 2017 Thomas Fire, 2018 Woolsey Fire, the 2019 Easy Fire and other wildfires and damage to the public.

100.    The unreasonable conduct of Defendants is a direct and legal cause of the harm, injury, and/or damage to the public, including Plaintiffs.

101.    Defendants have failed to conduct reasonable and timely inspections of their electrical infrastructure  and facilities, trim and/or remove trees and vegetation in close proximity to such facilities, and/or remediate overloaded utility poles, and Defendants' failure to do so exposed every member of the public to a foreseeable danger of personal injury, death, and/or a loss or

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

23

**COMPLAINT FOR DAMAGES**

1    destruction of real and personal property.

2        102.    Defendants' conduct set forth above constitutes a public nuisance within the

3    meaning of *Civil Code* §§ 3479 and 3480, Public Resources Code §§ 4104 and 4170, and *Code of*

4    *Civil Procedure* § 731. Under *Civil Code* § 3493, Plaintiffs have standing to maintain an action for

5    public nuisance because the nuisance is especially injurious to Plaintiffs, because, as described

6    above, it is injurious and/or offensive to the senses of the Plaintiffs, unreasonably interferes with

7    their comfortable enjoyment of their properties, and/or unlawfully obstructs the free use, in the

8    customary manner, of their properties.

9        103.    For these reasons, Plaintiffs seek a permanent injunction ordering Defendants to stop

10   continued violation of Public Resource Code §§ 4292 and 4293 and PUC General Order 95.

11   Plaintiffs also seek an order directing Defendants to abate the existing and continuing nuisance

12   described above.

**FIFTH CAUSE OF ACTION**

**PRIVATE NUISANCE**

**(Against All Defendants)**

16       104.    Plaintiffs incorporate and re-allege by reference each of the paragraphs set forth as

17   though fully set forth herein.

18       105.    At all relevant times, Plaintiffs occupied property at or near the site of The Bobcat

19   Fire. At all relevant times herein, Plaintiffs had a right to occupy, enjoy, and/or use the property

20   without interference by Defendants.

21       106.    Defendants' actions, conduct, omissions, negligence, trespass and/or failure to act

22   resulted in a fire hazard and a foreseeable obstruction to the free use of Plaintiffs' property, invaded

23   the right of Plaintiffs to use the property, and interfered with Plaintiffs' enjoyment of the property,

24   causing Plaintiffs to sustain unreasonable harm and substantial actual damages constituting a

25   nuisance pursuant to *Civil Code* § 3479.

26       107.    As a direct and proximate result of Defendants' conduct, Plaintiffs sustained losses

27   and damages, including but not limited to damage to property, discomfort, annoyance, and

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

24

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  emotional distress, the amount of which will be proven at trial.

2  108.    As a further direct and proximate result of Defendants' conduct, Plaintiffs seek the

3  reasonable cost of repair or restoration of the property to its original condition and/or loss-of-use

4  damages, as allowed under *Civil Code* § 3334.

5  109.    Defendants' conduct was willful and wanton, and done with a conscious contempt

6  and disdain for the disastrous consequences that Defendants knew could occur as a result of their

7  dangerous conduct. Accordingly, Defendants acted with malice towards Plaintiffs, and therefore,

8  Plaintiffs seek the recovery of punitive and exemplary damages against Defendants, as set forth

9  herein.

10  **SIXTH CAUSE OF ACTION**

11  **PREMISES LIABILITY**

12  **(Against All Defendants)**

13  110.    Plaintiffs incorporate and re-allege by reference each of the paragraphs set forth as

14  though fully set forth herein.

15  111.    Defendants, and each of them, were the owners of an easement and/or real property

16  in the area of the origins of The Bobcat Fire and/or were the owners of electrical equipment upon

17  said easement(s) and/or right(s) of way.

18  112.    Defendants, and each of them, acted wantonly, unlawfully, carelessly, recklessly,

19  and/or negligently in failing to properly inspect, manage, maintain, and/or control the vegetation

20  near their electrical infrastructure along the real property and easement(s), allowing an unsafe

21  condition presenting a foreseeable risk of fire danger to exist on said property.

22  113.    As a direct and legal result of the wrongful acts and/or omissions of the Defendants,

23  and each of them, Plaintiffs suffered, and continue to suffer, the injuries and damages as set forth

24  herein.

25  114.    Defendants' conduct was willful and wanton, and done with a conscious contempt

26  and disdain for the disastrous consequences that Defendants knew could occur as a result of their

27  dangerous conduct. Accordingly, Defendants acted with malice towards Plaintiffs, and therefore,

28

**COMPLAINT FOR DAMAGES**

1 | Plaintiffs seek the recovery of punitive and exemplary damages against Defendants, as set forth
2 | herein.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF PUBLIC UTILITIES CODE § 2106

#### (Against All Defendants)

115.     Plaintiffs incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

116.     As a public utility, Defendants are legally required to comply with the rules and orders promulgated by the CPUC pursuant to Public Utilities Code § 702.

117.     Public utilities whose failure to perform or inadequate performance of duties required by the California Constitution, a law of the State, or a regulation or order of the CPUC, leads to loss or injury, are liable for that loss or injury, pursuant to Public Utilities Code § 2106

118.     As public utilities, Defendants are required to provide and maintain service, equipment and facilities in a manner adequate to maintain the safety, health, and convenience of their customers and the public, pursuant to Public Utilities Code § 451

119.     Defendants are required to design, engineer, construct, operate, and maintain electrical infrastructure in a manner consonant with their use, taking into consideration local geographic and weather conditions and other circumstances, so as to provide safe and adequate electric service, pursuant to CPUC General Order 95 and Order 165.

120.     Defendants are required to maintain vegetation in compliance with California Public Resources Code §§ 4293, 4294, 4435 and Health & Safety Code § 13001.

121.     Through their conduct alleged herein, Defendants violated Public Utilities Code §§ 702, 451 and/or CPUC General Order 95, thereby making them liable for losses, damages, and injuries sustained by Plaintiffs pursuant to Public Utilities Code § 2106.

122.     Defendants' conduct was willful and wanton, and done with a conscious contempt and disdain for the disastrous consequences that Defendants knew could occur as a result of their dangerous conduct. Accordingly, Defendants acted with malice towards Plaintiffs, and therefore,

**COMPLAINT FOR DAMAGES**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1 Plaintiffs seek the recovery of punitive and exemplary damages against Defendants, as set forth
2 herein.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF HEALTH & SAFETY CODE § 13007

**(Against All Defendants)**

6    123.    Plaintiffs incorporate and re-allege each of the paragraphs set forth above as though
7 fully set forth herein.

8    124.    By engaging in the acts and/or omissions alleged herein, Defendants, and each of
9 them, willfully, negligently, carelessly, recklessly, and/or in violation of law, set fire to and/or
10 allowed fire to be set to the property of another in violation of Health & Safety Code § 13007.

11    125.    As a direct and legal result of Defendants' violation of *Health & Safety Code* §
12 13007, Plaintiffs suffered recoverable damages to property under Health & Safety Code § 13007.21
13 and continue to suffer the injuries and damages described herein.

14    126.    As a further direct and legal result of the Defendants, and each of them, violating
15 Health & Safety Code § 13007, Plaintiffs are entitled to reasonable attorney's fees pursuant to *Code*
16 *of Civil Procedure* § 1021.9.

17    127.    As a direct and legal result of the wrongful acts and/or omissions of the Defendants,
18 and each of them, Plaintiffs suffered, and continue to suffer, the injuries and damages as set forth
19 herein.

20    128.    Defendants' conduct was willful and wanton, and done with a conscious contempt
21 and disdain for the disastrous consequences that Defendants knew could occur as a result of their
22 dangerous conduct. Defendants acted with malice towards Plaintiffs, and therefore, Plaintiffs seek
23 the recovery of punitive and exemplary damages against Defendants, as set forth herein.

### VII.

### PRAYER FOR RELIEF

26    WHEREFORE Plaintiffs pray for relief against SCE, EDISON and DOES 1-100, and each
27 of them, as set forth below:

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1.   Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

2.   Loss of the use, benefit, goodwill, and enjoyment of Plaintiffs' real and/or personal property;

3.   Loss of wages, earning capacity, and/or business profits or proceeds and/or any related displacement expenses;

4.   Past and future medical expenses and incidental expenses according to proof;

5.   Damages for wrongful injuries to timber, trees, or underwood on Plaintiffs' property as allowed under Civil Code § 3346;

6.   Damages in an amount according to proof for injuries to trees as allowed und Code of Civil Procedure § 733;

7.   All costs of suit, including attorneys' fees where appropriate, appraisal fees, engineering fees, and related costs allowed under *Code of Civil Procedure* § 1021.9;

8.   Attorneys' fees as allowed under *Code of Civil Procedure* § 1021.5;

9.   Exemplary damages in an amount according to proof pursuant to *Civil Code* § 3294;

10.  Exemplary damages in an amount according to proof pursuant to Public Utilities Code § 2106;

11.  For all costs of suit incurred;

12.  Prejudgment interest according to proof;

13.  General damages for fear, worry, annoyance, disturbance, inconvenience, mental anguish, emotional distress, loss of quiet enjoyment of property, personal injury, and for such other and further relief as the Court shall deem proper, all according to proof;

14.  For such other and further relief as the Court shall deem proper, all according to proof.

**COMPLAINT FOR DAMAGES**

# VIII.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury as to all claims in this action.

DATED: July 13, 2021             **PANISH SHEA & BOYLE LLP**

By: _____
      RAHUL RAVIPUDI
      LYSSA A. ROBERTS
      Attorneys for Plaintiffs

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

29

**COMPLAINT FOR DAMAGES**

1                             **SOUTHERN CALIFORNIA FIRE CASES**

2                             **ELECTRONIC PROOF OF SERVICE**

3        I am over the age of eighteen years and not a party to the within action.  I am

4 employed by  Panish Shea & Boyle LLP whose business address is:11111 Santa Monica

5 Boulevard, Suite 700, Los Angeles, CA 90025.

6        On July 19, 2021, I caused to be served the within document(s) described as:

7 **COMPLAINT- HARSHBARGER, ET AL v. SOUTHERN CALIFORNIA EDISON**

8 **ET AL. (Case #:  21STCV25672)**  on the interested parties in this action pursuant to the

9 most recent Omnibus Service List by submitting an electronic version of the document(s)

10 via file transfer protocol (FTP) to CaseHomePage through the upload feature at

11 casehomepage.com.

12        I declare under penalty of perjury under the laws of the State of California that the

13 foregoing is true and correct.

14        Executed on  July 19, 2021, at Los Angeles , CA.

15

16                            ***GOLRIZ PAK-MAYELI***

17                            Golriz Pak-Mayeli

18

19

20

21

22

23

24

25

26

27

28